[720 NYS2d 208]

In the Matter of MARVIN MORRISON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 20, 2001

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Hutchinson & Hutchinson,* Oyster Bay (*Richard L. Hutchinson* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing three charges of professional misconduct. The Special Referee sustained all three charges after a hearing. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. The respondent submitted an affidavit in mitigation, in which he requests that the Court impose a public censure as the appropriate measure of discipline.

The charges are predicated upon a common set of factual allegations. From approximately August 1997 through June 1998, the respondent maintained a bank account at Fleet Bank incident to his practice of law. In or about August 1997, the respondent received $28,500 to be held in his fiduciary capacity pursuant to a real estate transaction between Francis J. O'Donnell and Mr. and Mrs. Gregory Basso. The respondent deposited those funds into his escrow account in or about August 1997. The closing occurred in or about June 1998. During the interval between deposit and the closing, the respondent was required to preserve the sum of $28,500 in his escrow account on behalf of the parties to the real estate transaction. On 49 specified dates between January 6, 1998, and June 17, 1998, the balance of funds in the respondent's escrow account

fell well below that amount. On March 2, 1998, the balance fell to $1.98.

At the closing, the respondent tendered his escrow check to Francis J. O'Donnell in the sum of $28,500. That check was dishonored due to insufficient funds.

Charge One alleges that the respondent misappropriated and converted the O'Donnell-Basso escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

Charge Two alleges that the respondent misappropriated and converted the O'Donnell-Basso escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In view of the respondent's unequivocal admissions and the evidence adduced, the Special Referee properly sustained all three charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he is 72 years of age and has a previously unblemished record. He cites his record of civic and community involvement and notes that no client has been compromised by his conduct. The respondent again concedes his poor judgment and expresses remorse.

Notwithstanding the mitigation offered by the respondent, his extensive and unexcused misuse of his escrow account warrants his disbarment.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marvin Morrison is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Marvin Morrison shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marvin Morrison is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.